Hon. Karen S. Burstein President Civil Service Commission
Your General Counsel has asked whether State residency at the time of retention is necessary in order to secure a veteran's retention preference under section 85(7) of the Civil Service Law.
As originally enacted in 1949, Article V, § 6 of the New York Constitution authorized the Legislature to grant preferences to veterans in two areas of civil service employment: extra credit on civil service exams and a retention preference in the event of an elimination or abolition of positions. With regard to extra exam credits, the Constitution provided as follows:
 "any member of the armed forces of the United States who served therein in time of war, who is a citizen and resident of this state and was a resident at the time of his or her entrance into the armed forces of the United States and was honorably discharged or released under honorable circumstances from such service, shall * * * be entitled to receive five points additional credit in a competitive examination for original appointment and two and one-half points additional credit in an examination for promotion or, if such member was disabled in the actual performance of duty in any war * * * he or she shall be entitled to receive ten points additional credit in a competitive examination for orignal appointment and five points additional credit in an examination for promotion" (NY Const, Art V, § 6 [1949]).
The provision for retention preferences was not as specific as that for exam credits:
 "The legislature may provide by law for preference in retention of such members in case of the abolition or elimination of positions in the civil service. Laws shall be enacted to provide for the enforcement of this section" (ibid.).
Former section 85 of the Civil Service Law implemented these constitutional mandates, defining veteran for purposes of both additional exam credit and retention preference in the following way:
 "a member of the armed forces of the United States who served therein in time of war, who was honorably discharged or released under honorable circumstances from such service, who was a resident of the state at the time of entrance into the armed forces of the United States and who is a citizen and resident thereof at the time of application for appointment or promotion or at the time of retention, as the case may be" (Civil Service Law, § 85[1][1958]).
Thus the statute set up a dual residency requirement for war veterans discharged under honorable circumstances: applicants for benefits must have been (1) residents of New York at the time of their induction into the armed services* and (2) citizens and residents of New York at the time of application for appointment or promotion or at the "time of retention". "Time of retention" continues to mean the time of abolition or elimination of positions (id., § 85[1][e]).
Subdivision 2 of section 85 sets forth the extra credit allowances, following the standards found in the Constitution. Subdivision 7 implemented the constitutional directive to establish a retention preference, granting nondisabled veterans a preference of 30 months, and disabled veterans a preference of 60 months (id., § 85[7]). The effect of the preference is that for purposes of retention on the basis of seniority, the veteran's appointment date is treated as being 30 or 60 months earlier than the actual date, as the case may be.
In 1964, Article V, section 6 of the Constitution was amended to eliminate certain provisions dealing with service in the armed forces prior to 1951. The language authorizing the Legislature to create a retention preference was eliminated at that time. Research does not reveal any memoranda discussing the framers' intent. Apparently, the amendment was a "house-cleaning" measure, meant to eliminate obsolete or superfluous language in the Constitution (NY Times, November 1, 1964, p 88; id., October 26, 1964, p 30). The "examination credit" provision was left intact.
It should be noted that the lack of specific enabling language in the Constitution does not mean that the Legislature lacks the power to allow for any veterans' retention preference. Absent any language in the Constitution prohibiting the Legislature from passing such a law, creation of the retention preference would be permissible as a valid exercise of the State's sovereign power (Montgomery v State, 69 Misc.2d 127
[Sup Ct, N Y Co, 1972], affd 43 A.D.2d 552 [1st Dept, 1973], app dsmd33 N.Y.2d 1008 [1974]).
In 1982, section 85 was amended to remove the requirement that a veteran or disabled veteran be a resident of New York State at the time of application for examination credits or at the time of retention (L 1982, ch 133). The amendment was part of an omnibus bill apparently intended, as your counsel notes, to eliminate discrimination against non-resident aliens (ibid.; Memorandum of the Law Revision Commission, Leg. Doc. 1981, No. 65). The constitutional language establishing this residency requirement with regard to examination credits remains. Your counsel has informed us that the Department of Civil Service has not followed the new definition of eligible veteran under section 85 for purposes of examination credits because the Department regards it as inconsistent with Article V, section 6 of the Constitution. Your counsel also suggests parallel treatment for retention benefits.
However, the Constituion has always allowed the Legislature a broader discretion in providing retention benefits than in providing examination credits. Furthermore, the statutory requirement for residency at the time of retention was removed in 1982. Although it may be desirable from an adminstrative standpoint to have the same residency requirement for both exam credits and retention preferences and while the Legislature is, of course, free to craft such a policy, we are constrained to conclude that there is currently no statutory or constitutional authority to graft onto retention preferences such a requirement.
Accordingly, we conclude that State residency at the time of retention is not necessary in order to secure a veteran's retention preference under section 85(7) of the Civil Service Law.
* In a recent case, the Second Circuit Court of Appeals found this first residency requirement unconstitutional as a violation of equal protection and the right of a citizen to travel freely between states.
 "The universe on which we must focus is simply the universe of honorably discharged wartime veterans who are now residents of New York and who have passed a New York civil service examination. Our task is to determine whether, within that universe, the distinction between those who were New York residents at the time of induction and those who were not is one that rationally furthers a legitimate State interest. Conducting our analysis within this universe, we cannot see that any legitimate purpose advanced by the State has any rational relationship to the exclusion of those veterans who were not residents of the State when they entered the armed services" (Soto-Lopez v N.Y.C. Civil Service Commission, 755 F.2d 266 [2d Cir, 1985], probable jurisdiction noted sub nom Att'y Gen'l of N.Y. v Soto-Lopez, 105 S Ct 3523 [1985]).
We disagree with this construction of New York's veteran preference provision and, at our request, the United States Supreme Court has agreed to review the case. See 105 S Ct 3523 (1985).